IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberley Ann Bradley,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Brian D. Karth, et al.,<br><br>　　　　　Defendants. | No. CV-18-02890-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2), which will be granted. The Court will screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) prior to service. Pursuant to that screening, Plaintiff's Complaint (Doc. 1) is dismissed.

**I.     Screening Complaint Under 28 U.S.C. § 1915(e)(2)**

With respect to in forma pauperis cases, a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint if it fails to state a claim or if it is

1  frivolous or malicious. If the Court determines that a pleading could be cured by the
2  allegation of other facts, a pro se litigant is entitled to an opportunity to amend a
3  complaint before the dismissal of the action. *See Lopez*, 203 F.3d at 1127- 1129.

4  The Court should not, however, advise the litigant how to cure the defects. This
5  type of advice "would undermine district judges' role as impartial decisionmakers."
6  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n. 13
7  (declining to decide whether the court was required to inform a litigant of deficiencies).

## II.     The Complaint

Plaintiff names Brian D. Karth, Clerk of Court; Betsy Tait, Court Administrator; and Unnamed Federal Bureau of Investigation (FBI) Agents. Her claims are focused on her desire to refer individuals to a grand jury for criminal prosecution and Defendants' alleged failure to carry out official duties in the administration of justice. More specifically, she alleges that while she was employed at the Arizona Department of Economic Security (ADES), she witnessed suspicious activities concerning ADES operations and, when she investigated, she was followed and monitored to prevent her from speaking to anyone. Plaintiff further alleges that she was accosted by an unknown stranger on August 6, 2015, who told her that he was from the Governor's office and was sent "by the Father" to speak to her. Plaintiff attempted to report her concerns to the FBI the next day without success. She then wrote to the Grand Jury Foreman and Grand Jury Administrator, but both letters were returned by the Clerk's Office.

While unclear, Plaintiff appears to seek mandamus relief in the form of the referral of Defendants to the Grand Jury for Defendants' alleged failure to properly process her claims. But "[i]n our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." *Wavte v. United States,* 470 U.S. 598, 607 (1985). "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard P.,* 410 U.S. 614, 619 (1973); *see also United States v. Batchelder,* 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.").

"In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes,* 434 U.S. 357 (1978). "[I]nitiating a criminal case by presenting evidence before the grand jury qualifies as an executive function within the exclusive prerogative of the Attorney General." *United States v. Chanen,* 549 F.2d 1306, 1312-13 (9th Cir. 1977) (citations and internal quotations omitted).

Further, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987). Immunity is not lost even if a clerk makes a mistake or fails to carry out his duties, even when it results in "'grave procedural errors.'" *Id*. (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). In short, Plaintiff has not stated a claim for relief against any Defendant and does not have a private right of action to compel the Government to initiate a criminal prosecution. Her Complaint must be dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) is **granted**.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) Plaintiff's Complaint against all Defendants is **dismissed**, and the Clerk of Court must enter judgment accordingly. Plaintiff's Motion to Allow Electronic Filing (Doc. 2) is **denied as moot**.

Dated this 14th day of September, 2018.

_____
G. Murray Snow
Chief United States District Judge